# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **LEAH N. JESSEE, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:18CV00043 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NATIONWIDE GENERAL** | ) | By: James P. Jones |
| **INSURANCE COMPANY,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Anthony E. Collins, Wise, Virginia, for Plaintiffs; Scott C. Hartin, McKenry Dancigers Dawson, P.C., Virginia Beach, Virginia, for Defendant.*

This civil case involving automobile insurance coverage was originally filed in state court. The Complaint demanded $100,000 in damages. The defendant removed the case based on diversity of citizenship. The plaintiffs have moved to amend the Complaint to reduce the amount of damages sought to $55,000 and have moved to remand the case to state court on the ground that following the proposed amendment, the amount in controversy requirement for diversity jurisdiction is no longer satisfied. *See* 28 U.S.C. § 1332(a).

A civil action brought in a state court "of which the district courts of the United States have original jurisdiction" may be removed to this court. 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interests and costs, and is between . . . citizens of different States." 28 U.S.C.

1332(a). "In most cases, the 'sum claimed by the plaintiff controls' the amount in

controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir.

2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288

(1938)). However, "[o]nce jurisdiction exists, subsequent events . . . do not

destroy the jurisdictional basis." *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198,

1204 (4th Cir. 1979); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457,

474 n.6 (2007) (noting that "when a defendant removes a case to federal court

based on the presence of a federal claim, an amendment eliminating the original

basis for federal jurisdiction generally does not defeat jurisdiction").

In this case, the amount in controversy requirement was satisfied at the time

the Complaint was filed and at the time of removal. The proposed uncontested

amendment reducing the ad damnum amount from $75,000 to $55,000 does not

divest this court of jurisdiction. While the defendant does not object to remanding

the case, such consent is not conclusive and "I cannot remand a case simply

because the parties have come to an understanding after removal." *Blake v. ACE*

*Am. Ins. Co.*, No. 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W. Va. Mar. 11,

2008); *see Hatcher v. Lowe's Home Ctrs*., Inc. 718 F. Supp. 2d 684, 688 (E.D. Va.

2010) ("If parties were able to defeat jurisdiction by way of post-removal

reductions of the amount in controversy, they could unfairly manipulate judicial proceedings.").

For the foregoing reason, it is **ORDERED** that the Motion to Amend, ECF No. 7, is GRANTED and the Motion to Remand, ECF No. 8, is DENIED.[1]

ENTER:  January 14, 2019

/s/  *James P. Jones*
United States District Judge

---

[1] Under federal procedure, the amount of damages sought in the complaint does not necessarily preclude a greater amount of money recovery.  *See Stineman v. Fontbonne College*, 664 F.2d 1082, 1088 (8th Cir. 1981).